THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| NOLAN CARROLL, | CASE NO. C13-1633-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| THE CITY OF LAKE FOREST PARK, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part and DENIES the motion in part for the reasons explained herein.

I.   BACKGROUND

Plaintiff Nolan Carroll ("Carroll") was a maintenance employee for the Public Works Department of the City of Lake Forest Park ("the City"). He is suing the City and Defendants Frank Zenk ("Zenk") and Scott Walker ("Walker") for disability discrimination, failure to accommodate, retaliation, 42 U.S.C. § 1983 violations, FMLA discrimination, and wrongful termination in violation of public policy. Defendant Zenk is the Public Works Director for the City, and supervises Defendant Walker, who is the Public Works Superintendent. Walker was

Plaintiff's immediate supervisor at the Public Works Department.

Carroll suffers from a variety of medical conditions. He alleges that he was subjected to a series of harsh, humiliating, and discriminatory job actions, culminating in his unlawful termination, in retaliation for having sought Union assistance in dealing with alleged racist and discriminatory remarks made by Adam Brataan, another Public Works Department employee. Defendants deny that they engaged in any unlawful conduct, and claim that Carroll was terminated because of his continuing refusal to follow direction and procedure. Defendants move to dismiss all of Carroll's claims with prejudice as a matter of law.

## II. DISCUSSION

### A. Summary Judgment Standard

Generally, "the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (citation and internal quotation marks omitted).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn there from in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for*

trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Disability Discrimination Under the ADA

Carroll claims that he was unlawfully discriminated against in violation of 42 U.S.C. § 12101 *et seq*, the Americans with Disabilities Act ("ADA"). The parties agree that the appropriate legal framework for considering Carroll's ADA disability discrimination claim is that established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Hines v. Todd Pac. Shipyards Corp.*, 127 Wn. App. 356, 370-71 (2005) ("Washington courts have adopted the *McDonnell Douglas/Burdine* three-part burden allocation framework for disparate treatment cases."). Specifically, Carroll must show

> that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. The burden of production, but not persuasion, then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. If the employer does so, the plaintiff must show that the articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.

*Chuang*, 225 F.3d at 1123-24.

There is no question that Carroll belongs to a protected class or that he was qualified for his position. Defendants argue that Carroll cannot make out a prima facie case for discrimination because he was not subjected to an adverse employment action based on his disability. Instead, Defendants claim that Carroll was disciplined solely for his failure to follow directions or procedures, and that this failure was unrelated to Carroll's medical condition.

The Court finds that there are genuine issues of material fact as to whether Carroll was terminated for reasons linked to his disability, whether the non-discriminatory explanation provided by Defendants is merely pretextual, and whether similarly situated employees outside of Carroll's class were treated preferentially. Summary judgment is therefore inappropriate for this issue. *See Gambini v. Total Renal Care, Inc*., 486 F.3d 1087, 1094 (9th Cir. 2007) ("a decision motivated even in part by the disability is tainted and entitles a jury to find that an employer violated antidiscrimination laws.")

### C. Disability Discrimination Under the WLAD

Carroll claims that his termination constitutes unlawful discrimination in violation of RCW 49.60 *et seq.*, the Washington Law Against Discrimination ("WLAD"). Carroll bears the burden of establishing that he "(1) is in a protected class (disabled), (2) was discharged, (3) was doing satisfactory work, and (4) was replaced by someone not in the protected class." *Roeber v. Dowty Aerospace Yakima*, 116 Wash. App. 127, 135, 64 P.3d 691, 696 (2003). Carroll has not provided any evidence indicating that he was replaced by someone not in his protected class. Defendants are therefore entitled to summary judgment on this issue.

### D. Reasonable Accommodations Under the ADA and WLAD

The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an

ORDER
PAGE - 4

employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business." 42 U.S.C. § 12112(b)(5)(A). In order to prove discrimination based on a lack of accommodation under the WLAD, an employee must show

> (1) the employee had a sensory, mental, or physical abnormality that substantially limited his or her ability to perform the job; (2) the employee was qualified to perform the essential functions of the job in question; (3) the employee gave the employer notice of the abnormality and its accompanying substantial limitations; and (4) upon notice, the employer failed to affirmatively adopt measures that were available to the employer and medically necessary to accommodate the abnormality.

*Riehl v. Foodmaker, Inc.*, 152 Wash. 2d 138, 145, 94 P.3d 930, 934 (2004)(citation omitted).

Carroll claims that Defendants refused to provide reasonable accommodations when he informed them that his medical condition might lead to his being late to work as frequently as twice a month. Defendants claim that they cannot be held responsible for failing to accommodate Carroll's disability because Carroll "caused and encouraged a breakdown in the interactive [or communicative] process with the City." (Dkt. No. 26 at 17.) Defendants further contend that the requested accommodation was not reasonable and that Carroll has not established that his disability substantially limited his ability to perform his job as required to establish the second element of his WLAD claim. (*Id*. at 17, 20.) Finally, Defendants argue that Carroll has not produced evidence establishing that an accommodation was medically necessary. (Dkt. No. 33 at 3.)

The Court finds that there are genuine issues of material fact as to whether Carroll provided the City with sufficient information for it to accommodate his disability. The Court further finds that Defendants have not established that the requested accommodation was unreasonable. Finally, the Court finds that there are genuine issues of material fact as to whether

Carroll's disability substantially limited his ability to perform his job, and whether an accommodation was medically necessary. Summary judgment is therefore inappropriate for these claims.

### E.  Family and Medical Leave Act

Carroll claims that the City violated his rights by failing to provide him notice within five business days of whether his leave request would be granted, as required by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1). The City claims that it did not violate Carroll's rights because Carroll failed to ensure that his doctor provided the City with information necessary to properly consider his request, and because the City did respond to every individual request by Plaintiff to have a designated period of time off counted as FMLA leave. Defendants further contend that Plaintiff has failed to state a claim under the FMLA because he cannot show he suffered any harm for any alleged FMLA violation.

The Court finds that there are genuine issues of material fact as to all of Defendants' contentions about this matter. Summary judgment on this issue is therefore denied.

### F.  Wrongful Discharge in Violation of Public Policy

Defendants argue that Carroll's claim for wrongful discharge in violation of public policy should be dismissed as duplicative because Carroll is also pursuing remedies for disability discrimination under state and federal law. Because Carroll's claims are derived not only from anti-discrimination laws but also from the Washington Public Employee Collective Bargaining Act, Ch. 41.56 RCW, this argument is unavailing.

However, Defendants are correct in pointing out that the Complaint did not allege that the City interfered with his rights under his union contract. If Carroll wishes to add a new cause of action based on interference with union activity, he must file a motion to amend his complaint.

Defendants would then have the right to file a motion to dismiss the claim.

### G. Claims Under 42 U.S.C. § 1983 and for Retaliation Under the ADA and the WLAD

Carroll withdraws his claims under 42 U.S.C. § 1983 and for retaliation under the ADA and WLAD. The Court therefore denies as moot Defendants' request for summary judgment on these issues.

### H. Arbitration Decision

Defendants object to the Court's consideration of the arbitration decision provided by Carroll, and move to strike it from the record. (Dkt. No. 33 at 6.) The arbitration decision did not play a role in the Court's assessment of the issues at hand, so the motion is denied as moot. However, this issue has not been fully briefed, and the Court acknowledges that Defendants have reserved their right to move in limine to exclude the arbitration decision prior to trial. (Dkt. No. 33 at 7.)

### I. Inadmissible Evidence

Defendants move to strike a series of statements from the record because they are "inadmissible evidence." (Dkt. No. 33 at 10.) The Court finds sufficient support for its rulings without considering these statements, so the motion is denied as moot.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 26) is GRANTED in part and DENIED in Part. Specifically:

1) Plaintiff's claims under 42 U.S.C. § 1983 and for retaliation under the ADA and WLAD are DISMISSED with prejudice.
2) Plaintiff's claim for disparate treatment discrimination under the WLAD, based on his termination, is DISMISSED with prejudice.

3)  Defendants' motion for summary judgment is DENIED as to all other claims.

DATED this 6th day of January 2015.

*John C. Coughenour* (signature)

John C. Coughenour
UNITED STATES DISTRICT JUDGE